JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@jhindslaw.com
HINDS & SHANKMAN, LLP
21515 Hawthorne Blvd., Suite 1150
Torrance, California 90503
Telephone: (310) 316-0500
Facsimile: (310) 792-5977

Attorneys for Party-In-Interest Gary Loyd

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JAMES PAULETT CHARLTON,<br><br>Debtor.<br>_____<br>E. LYNN SCHOENMANN, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>PRISM PRIME LLC, et al.,<br><br>Defendants.<br>_____ | CASE NO. 04-32400 TEC<br><br>(Converted from Chapter 11)<br><br>ADV. NO. 06-3139<br><br>**OPPOSITION BY PARTY-IN-INTEREST GARY LOYD TO TRUSTEE'S MOTION FOR AN ORDER APPROVING THE PROTOCOLS FOR SALE OF COLLATERAL PURSUANT TO TERMS OF SETTLEMENT AGREEMENT AND SECURITY AGREEMENT**<br><br>DATE: July 8, 2011<br>TIME: 2:00 p.m.<br>PLACE: Hon. Thomas E. Carlson |

TO THE CLERK OF THE COURT, THE TRUSTEE, HER COUNSEL, AND TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:

I.

**SUMMARY OF THE LOYD OPPOSITION**

Party-In-Interest Gary Loyd (hereinafter referred to as "Loyd"), has reviewed the Trustee's Motion for an Order: (i) Re-Opening Adversary Proceeding; (ii) Entering Default Order Pursuant to Settlement Agreement; and (iii) Approving the Protocols for Sale of Collateral Pursuant to Terms of Settlement Agreement and Security Agreement

1.

OPPOSITION BY PARTY-IN-INTEREST GARY LOYD TO TRUSTEE'S MOTION FOR AN ORDER APPROVING THE PROTOCOLS FOR SALE OF COLLATERAL PURSUANT TO TERMS OF SETTLEMENT AGREEMENT AND SECURITY AGREEMENT

Case: 06-03139   Doc# 119   Filed: 07/05/11   Entered: 07/05/11 13:33:25   Page 1 of 10

(hereinafter referred to as the "Trustee's Motion"). (Docket Items ## 102, 103, and 104.) Loyd has also reviewed papers recently filed by the Zangle Inc. Chapter 11 Debtor (hereinafter referred to as "Zangle") in Opposition to the Trustee's Motion. (Docket Items ## 110, 111, and 113.) While Loyd does not oppose the Trustee's Motion for an Order Re-Opening Adversary Proceeding and the Trustee's Motion for an Order Entering Default Order Pursuant to Settlement Agreement, Loyd does object to the Trustee conducting a sale of the alleged collateral subject to the allegedly breached Settlement Agreement with Prism Prime, LLC, Enter Net Development Corp., and Future Now Enterprises, LLC (hereinafter collectively referred to as the "Anderson Entities"). Loyd's objection to the proposed sale is based upon the fact that the rights which the Trustee proposes to sell are owned by Loyd and not the Anderson Entities. The Trustee cannot sell what the Trustee does not own or control. If the Trustee is allowed to conduct a sale of the collateral pledged by the Anderson Entities all parties will have to be placed on notice that the Trustee's sale may not transfer any interest of any value.

## II.

## LOYD AND SiCORP, INC. OWN THE ZANGLE SUITE OF SOFTWARE RIGHTS AND CONTROL THE ZANGLE COPYRIGHTS

The Trustee alleges in support of the Trustee's Motion that as part of the Settlement Agreement with the Anderson Entities, the Anderson Entities pledged to the Trustee "a security interest granted to [the Trustee] . . . in the Copyrights and 100% of the stock interest in C Innovation, Inc. . . . ." (Schoenmann Declaration at p. 2:15-19.) The Copyrights allegedly pledged to the Trustee are identified in an attachment to the Settlement Agreement. (See Exhibit "B" to the Trustee's Motion at pp. 6 and 7.) The Anderson Entities alleged as part of the Settlement Agreement that they "owned the Copyrights." (See Exhibit "B" to the Trustee's Motion at p. 2:¶ C.)

///

2.
OPPOSITION BY PARTY-IN-INTEREST GARY LOYD TO TRUSTEE'S MOTION FOR AN ORDER APPROVING THE PROTOCOLS FOR SALE OF COLLATERAL PURSUANT TO TERMS OF SETTLEMENT AGREEMENT AND SECURITY AGREEMENT

Case: 06-03139   Doc# 119   Filed: 07/05/11   Entered: 07/05/11 13:33:25   Page 2 of 10

The fundamental problem with the Trustee's position is that neither C Innovation, Inc. nor Enter Net Development Corp., nor any of the Anderson Entities at the time of the execution of the Settlement Agreement in 2008 owned the Copyrights or held rights in the Zangle software. Rather, in 2008 and at all times relevant to this matter, ownership in the Copyrights or the Zangle software resided in either Loyd or his company, SiCorp, Inc. ("Sicorp"). The only rights any of the Anderson Entities or Charlton could possibly have on the Copyrights or the Zangle software would arise out of the 2000-settlement reached between Loyd and Sicorp. and Charlton regarding a proposed merger of Sicorp. with Charlton Innovations, Inc. Charlton Innovations, Inc. breached the Loyd settlement and the merger was never consummated. (See Loyd Declaration at ¶¶ 7 through 12[1].)

Proof of Loyd's ownership position as to the Copyrights and the Zangle software suit is documented in the Declarations of Gary Loyd, Bradley C. Wright, Andrew Risk, and Timothy J. McEvoy all filed as part of the Loyd Motion to Dismiss the pending Zangle Complaint filed against him in the matter entitled <u>Zangle Inc. v. Loyd</u>, Adv. No. 2:11-ap-02155 RN[2], filed before the United States Bankruptcy Court, Central District of California, Los Angeles Division. As stated by the Trustee in her papers, in the Zangle chapter 11 case filed in Los Angeles, Zangle contends that it is the lawful assignee of the Copyrights or the Zangle software through the transfer of the Copyrights or the Zangle software by C Innovations to Vermont Equity Partners, LLC and the granting of a worldwide license in the Copyrights or the Zangle software to Zangle. (See Koegel Declaration at Exhibits "H," "I," and "J.")

///

---

[1] Filed concurrently herewith is a Request to Take Judicial notice of the papers filed by Loyd as part of the <u>Zangle Inc. v. Loyd</u> adversary proceeding. pending in the Los Angels Bankruptcy Court. This Court is requested to take Judicial Notice of the papers filed by the parties with the Los Angels Bankruptcy Court.

[2] A true and correct copy of the Complaint filed by Zangle Inc. before the United States Bankruptcy Court, Central District of California, Los Angeles Division is filed concurrently herewith. The Zangle Complaint seeks a declaration that Zangle holds the ownership interest in the Copyrights or the Zangle software based upon transfers made by C Innovation and Anderson to Vermont Equities and then Zangle earlier this year. Both the Trustee and Loyd question the efficacy of these alleged transfers.

3.
OPPOSITION BY PARTY-IN-INTEREST GARY LOYD TO TRUSTEE'S MOTION FOR AN ORDER APPROVING THE PROTOCOLS FOR SALE OF COLLATERAL PURSUANT TO TERMS OF SETTLEMENT AGREEMENT AND SECURITY AGREEMENT

Case: 06-03139   Doc# 119   Filed: 07/05/11   Entered: 07/05/11 13:33:25   Page 3 of 10

Simply stated, it appears that the Anderson Entities falsified their claim of ownership in the Copyrights and the Zangle software suite as part of the negotiation of the Settlement Agreement with the Trustee in 2008. Then it appears that the Anderson Entities went further and made a 2011 transfer of rights which they did not own to Vermont Equity Partners, LLC and then allowed the licensing of the rights to Zangle. Zangle then filed a chapter 11 case before the United States Bankruptcy Court, Central District of California, Los Angeles Division. The Anderson Entities could obviously not pledge to the Trustee rights which they did not then control or own. Interestingly, the Trustee's own papers hint that there were questions regarding the rights, if any, held by C Innovations and Enter Net in that the Anderson Entities referred to the ownership rights of SiCorp. (See Exhibit "A" to the Trustee's Motion – Docket Item 105-2 pp. 32.33.) Of equal import, as documented in the Wright and Risk Declarations file in the Zangle matter, a review of the official records of the Copyright Office would have put the Trustee on notice of the claims of Sicorp.

### III.
**LOYD IS NOT A PARTY TO THIS PENDING ADVERSARY PROCEEDING AND DID NOT HAVE NOTICE OF THE ENTRY OF THE SETTLEMENT AGREEMENT IN 2008 OR THEREAFTER AND THUS IS NOT BOUND BY ANY DETERMINATIONS MADE IN THIS ADVERSARY PROCEEDING**

The Court files show that Loyd was never a party to this pending Adversary Proceeding. Loyd was never on the service list in this pending Adversary Proceeding and never directly participated in any aspect of this pending Adversary Proceeding. Loyd is not and never has been in privity with any party to this pending Adversary Proceeding. Thus, no determinations made by this Court or statements made by the parties to this Adversary Proceeding to date regarding claims of ownership of the Copyrights and the
///

4.
OPPOSITION BY PARTY-IN-INTEREST GARY LOYD TO TRUSTEE'S MOTION FOR AN ORDER APPROVING THE PROTOCOLS FOR SALE OF COLLATERAL PURSUANT TO TERMS OF SETTLEMENT AGREEMENT AND SECURITY AGREEMENT

Case: 06-03139   Doc# 119   Filed: 07/05/11   Entered: 07/05/11 13:33:25   Page 4 of 10

Zangle software suite can be held to bind the Loyd claims of ownership which have not been adjudicated. (See Trustee's Motion at Exhibit G, Docket Item 105-7:1-15.)

The accepted formulation of res judicata for federal court use teaches that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry (1980) 449 U.S. 90, 94. Accordingly, the elements of res judicata are **(1)** a final judgment on the merits in an earlier suit, **(2)** sufficient identicality between the causes of action asserted in the earlier and later suits, and **(3)** sufficient identicality between the parties in the two suits. See Aunyx Corp. v. Canon U.S.A., Inc. (1st Cir.1992) 978 F.2d 3, 6, cert. denied, 507 U.S. 973 (1993); Kale v. Combined Ins. Co. (1st Cir.) 924 F.2d 1161, 1165, cert. denied, 502 U.S. 816 (1991); see also 18 Charles A. Wright, et al., Federal Practice and Procedure § 4466, at 617-18 (2005). Applying this three-part test shows that Loyd cannot be bound of any determinations made by this Court as part of the Trustee's Settlement in this Adversary Proceeding.

The recent entry of the final judgment in this Adversary Proceeding which was noticed to Loyd does not change the res judicata result as a matter of law. Loyd and Sicorp. are in no way associated with any of the Anderson Entities or the Debtor, Charlton. And while Zangle as sued Loyd in the Zangle Inc. v. Loyd action seeking a declaration of rights as to the Copyrights or the Zangle software suite, that matter too has not progressed beyond the initial pleading stages and no determination has been reached on the merits of Zangle's claims as to Loyd and Sicorp.[3]

The doctrine of res judicata rests upon the bedrock principle that, for claim preclusion to apply, a litigant first must have had a full and fair opportunity to litigate his

---

[3] Zangle makes much in its Opposition papers to the Order for violation of the automatic stay entered by the Hon. Richard Neiter in the Zangle Inc. v. Naughtin Adversary Proceeding (Adv. No. 2:11-ap-01876 RN) filed before the United States Bankruptcy Court, Central District of California, Los Angeles Division. (See Charlton Declaration in Opposition, Docket Item 111-2, pp. 1-5.) However, hereto, Loyd and Sicorp were not parties to this Adversary Proceeding and the issue of the ownership of the Copyrights or the Zangle software was not at issue and not determined by Judge Neiter.

5.

OPPOSITION BY PARTY-IN-INTEREST GARY LOYD TO TRUSTEE'S MOTION FOR AN ORDER APPROVING THE PROTOCOLS FOR SALE OF COLLATERAL PURSUANT TO TERMS OF SETTLEMENT AGREEMENT AND SECURITY AGREEMENT

Case: 06-03139    Doc# 119    Filed: 07/05/11    Entered: 07/05/11 13:33:25    Page 5 of 10

claim. See <u>Fiumara v. Fireman's Fund Ins. Cos.</u> (1st Cir.1984) 746 F.2d 87, 92; <u>see also</u> 18 Wright & Miller, <u>supra</u>, § 4449, at 417 (noting "[o]ur deep-rooted historic tradition that everyone should have his own day in court"); <u>cf.</u> <u>Blonder-Tongue</u>, 402 U.S. at 328, 91 S.Ct. at 1442 (commenting that it is sufficient to afford a litigant one "full and fair opportunity for judicial resolution" of a particular issue). Where, as here, Loyd and Sicorp did not have notice of this Adversary Proceeding and were not afforded an opportunity to assert their claims of ownership, there can no issue of claim preclusion effect.

The most familiar mechanism for extending res judicata to non parties without savaging important constitutional rights is the concept of privity – a concept that furnishes a serviceable framework for an exception to the rule that res judicata only bars relitigation of claims by persons who were parties to the original litigation. See <u>Meza v. General Battery Corp.</u> (5th Cir.1990) 908 F.2d 1262, 1266; <u>see also</u> <u>NLRB v. Donna-Lee Sportswear Co.</u> (1st Cir.1987) 836 F.2d 31, 34 (applying same exception in connection with issue preclusion). A review of the Loyd Settlement with Charlton and Anderson shows that if Charlton ever come back into a management position with CII the Loyd Settlement would be void. (See Exhibit "D" to the <u>Zangle v. Loyd</u> Complaint.)

## IV.

## THE SUBMISSION OF THESE PAPERS IS NOT A CONSENT TO THE JURISDICTION OF THIS COURT OR A WAIVER OF LOYD'S RIGHTS TO PROSECUTE HIS CLAIMS IN THE COURT OF HIS CHOOSING

The submission and filing of this Opposition is not to be deemed a consent to or waiver of the right to challenge the jurisdiction of this United States Bankruptcy Court including, without limitation, the jurisdiction of this Court to adjudicate non-core matters, the ownership of the Copyrights or the Zangle software suite, claims for misappropriation of the Copyrights or the Zangle software by Charlton, the so-called Anderson Entities, the

///

6.

OPPOSITION BY PARTY-IN-INTEREST GARY LOYD TO TRUSTEE'S MOTION FOR AN ORDER APPROVING THE PROTOCOLS FOR SALE OF COLLATERAL PURSUANT TO TERMS OF SETTLEMENT AGREEMENT AND SECURITY AGREEMENT

Case: 06-03139    Doc# 119    Filed: 07/05/11    Entered: 07/05/11 13:33:25    Page 6 of 10

Charlton Trustee, or any third-parties, and the resulting claims for damages and injunctive relief which flow therefrom, which rights are reserved without prejudice.

V.

## CONCLUSION

Based upon the foregoing, Party-In-Interest Gary Loyd respectfully submits that the Trustee's Motion, to the extent that it seeks to sell rights in Copyrights or the Zangle software, be denied outright since the Trustee does not have title to the Copyrights or the Zangle software suite, since the so-called Anderson Entities never were in a position to transfer these rights to the Trustee as part of the Settlement with the Trustee. The Trustee cannot sell what the Trustee does not own or control. If the Trustee is allowed to conduct a sale of the collateral pledged by the Anderson Entities, all parties will have to be placed on notice that the Trustee's sale may not transfer any interest of any value.

Dated: July 3, 2011

JAMES ANDREW HINDS, JR.
HINDS & SHANKMAN, LLP

By: /s/ James Andrew Hinds, Jr.
JAMES ANDREW HINDS, JR.
Attorneys for Party-In-Interest Gary Loyd

Opp2OST.LB.wpd

7.
OPPOSITION BY PARTY-IN-INTEREST GARY LOYD TO TRUSTEE'S MOTION FOR AN ORDER APPROVING THE PROTOCOLS FOR SALE OF COLLATERAL PURSUANT TO TERMS OF SETTLEMENT AGREEMENT AND SECURITY AGREEMENT

Case: 06-03139    Doc# 119    Filed: 07/05/11    Entered: 07/05/11 13:33:25    Page 7 of 10

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 21515 Hawthorne Blvd., Suite 1150, Torrance, California 90503.

On June 27, 2011, I served the following document described as:

**OPPOSITION BY PARTY-IN-INTEREST GARY LOYD TO TRUSTEE'S MOTION FOR AN ORDER APPROVING THE PROTOCOLS FOR SALE OF COLLATERAL PURSUANT TO TERMS OF SETTLEMENT AGREEMENT AND SECURITY AGREEMENT**

on all other parties to this action by placing a true copy of the above document enclosed in a sealed envelope addressed as follows:

See attached list

/XX/ **BY MAIL** - I placed each such sealed envelope, postage thereon fully prepaid for first-class mail, for collection and mailing at 21515 Hawthorne Blvd., Suite 1150, Torrance, California 90503, following ordinary business practices. I am familiar with the practice of the Law Office of JAMES ANDREW HINDS, JR. for collection and processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

/_/ **BY FEDERAL EXPRESS** - For each person on the attached list I placed each such sealed Federal Express package in a Federal Express repository for collection located at 21515 Hawthorne Blvd., Suite 1150, Torrance, California 90503.

/XX/ **BY FAX OR E-MAIL** - For each person marked with [**] I caused a true and correct copy of the document described above to be transmitted by facsimile transmission to the telephone numbers or e-mail to the addresses set forth on the attached sheet for the persons names and marked for facsimile or e-mail transmission.

/XX/ **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On Jly 5, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

See attached list

/_/ **BY HAND DELIVERY** - For each person marked with [***] I placed each sealed envelope in the hands of Golden State Legal Services, Inc. with instructions to hand deliver the sealed envelopes to each of person marked with [*]. I am familiar with the practice of the HINDS & SHANKMAN, LLP for collection and processing of hand delivers, said practice being that in the ordinary course of business.

I declare under penalty of perjury and the laws of the United States of America that the above is true and correct.

Executed on July 5, 2011, at Torrance, California.

| | |
|---|---|
| 1 | Jeffrey B. Neustadt, Esq. ** |
|   | jbneustadtlaw@sbcglobal.net |
| 2 | Law Offices of Jeffrey B. Neustadt |
|   | 2740 Van Ness Ave. |
| 3 | Suite 300 |
|   | San Francisco, CA 94109 |
| 4 | |
|   | Thomas F. Keogel, Esq. ** |
| 5 | Tkoegel@crowell.com |
|   | 275 Battery Street |
| 6 | 23rd Floor |
|   | San Francisco, CA 94111 |
| 7 | |
|   | Bruce J. Zabarauskas, Esq. ** |
| 8 | Bzabarauskas@crowell.com |
|   | 275 Battery Street |
| 9 | 23rd Floor |
|   | San Francisco, CA 94111 |
| 10 | |
|   | Larry Anderson  ** |
| 11 | larry@utahanderson.com |
| 12 | |
|   | Shelley Shafron, Esq. ** |
| 13 | Saklaw@pacbell.net |
|   | Shafron & Kammer LLP |
| 14 | 16255 Ventura Blvd. |
|   | Suite 1240 |
| 15 | Encino, CA 91436 |
| 16 | Office of the United States Trustee |
|   | Northern District of California Region 17 |
| 17 | 235 Pine Street |
|   | Suite 700 |
| 18 | San Francisco, CA 94104-3401 |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

- 3 -