

**Signed and Filed: July 08, 2011**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**

CROWELL & MORING LLP
Thomas F. Koegel (CSB No. 125852, tkoegel@crowell.com)
Bruce J. Zabarauskas (CSB No. 248601, bzabarauskas@crowell.com)
275 Battery Street, 23rd Floor
San Francisco, California 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Attorneys for Plaintiff E. Lynn Schoenmann as Chapter 7 Trustee for the Estate of James Paulett Charlton

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>JAMES PAULETT CHARLTON,<br><br>Debtor.<br><br>_____<br><br>E. LYNN SCHOENMANN, TRUSTEE<br><br>Plaintiff<br><br>- against –<br><br>PRISM PRIME. LLC, ENTERNET DEVELOPMENT CORP., and FUTURE NOW ENTERPRISES, LLC,<br><br>Defendants. | Case No. 04-32400 TEC 7<br><br><br><br>Adv. Proc. No. 06-3139<br><br>**ORDER APPROVING THE PROTOCOLS FOR SALE OF COLLATERAL PURSUANT TO TERMS OF SETTLEMENT AGREEMENT AND SECURITY AGREEMENT**<br><br>Hearing Date: July 8, 2011<br>Courtroom: 23<br>Judge: Hon. Thomas E. Carlson |

ORDER APPROVING PROTOCOLS FOR
SALE OF COLLATERAL ; A.P. NO. 06-3139

E. Lynn Schoenmann (the "Trustee"), the Chapter 7 Trustee of the estate of James Paulett Charlton (the "Debtor") having filed: (i) a motion for entry of an order re-opening this adversary proceeding, entering the "Default Order" as defined in, and pursuant to the terms of, the settlement agreement entered into in connection with this adversary proceeding and previously approved by this Court (the "Settlement Agreement"), and approving the protocols for the sale of the Collateral (the "Motion"), (ii) the declaration of Thomas F. Koegel in support of the Motion (the "Koegel Declaration"), (iii) a memorandum of points and authorities in support of the Motion (the "Memo Of Points and Authorities"), and (iv) a motion to shorten the time for a hearing on the Motion (the "Motion Shortening Time"); and opposition to the Motion Shortening Time having been submitted by Zangle, Inc. and Larry Anderson; and the Court having entered an order, dated June 30, 2011 granting the Motion Shortening Time and scheduling a hearing on the Motion for July 8, 2011; and the Court having previously entered orders dated July 1, 2011 re-opening the above-captioned adversary proceeding and entering the Default Order; and a hearing on the Motion's request for entry of an order approving sale protocols having been held on July 8, 2011 (the "Hearing"); and the Court having found that notice of the Hearing was good and sufficient; and the Court having read and considered the Motion, The Koegel Declaration, the Memo of Points and Authorities, and all objections filed to the relief requested in the Motion (the "Objections"); and the Court having overruled all of the Objections; and the Court having further found that the sale protocols contained in this order are fair and reasonable and satisfy due process;

NOW, THEREFORE, IT IS HEREBY

ORDERED that the Motion's request for entry of an order approving the sale protocols for the sale of the Collateral as defined in the Security Agreement entered into in connection with the Settlement Agreement is hereby granted; and it is further

ORDERED that the Trustee is authorized to sell the Collateral on the following terms and conditions:

(i) An auction sale (the "Auction") of the Collateral shall be held before the Court on **August 21, 2011 at 2:30 p.m.** The Copyrights and the stock of C Innovation Inc. (the "CII Stock") will be auctioned both separately (i.e., both an auction of all the Copyrights together, and a separate auction of the CII Stock), (hereafter, the "Separate Bids") and an auction of all of the Collateral together (i.e., a single

auction of the Copyrights and CII Stock) together (hereafter, the "Bulk Bid"). Specifically, the Trustee shall first conduct an auction of the Copyrights, then an auction of the CII Stock. Finally, the Trustee shall conduct the auction of the Copyrights and CII Stock together. The winning bid will consist of the greater of the: (i) aggregate of the Separate Bids; or (ii) the amount of the Bulk Bid.

(ii) The Collateral shall be sold free and clear of any and all liens, claims and interests to the Collateral as provided by California Commercial Code § 9617 and the Trustee shall be empowered to execute a transfer statement as provided by California Commercial Code § 9619 with regard to the auctioned property;

(iii) Only "Qualified Bidders" and the Trustee may bid at the Auction. In order to become a Qualified Bidder, a party must no later than three business days before the Auction: (a) identify the name, address, phone number and email address of the bidder; (b) provide a deposit in the amount of $100,000 (the "Deposit") to the Trustee in immediately available funds (i.e., wire, bank transfer, certified check), which Deposit shall become non-refundable in the event that such bidder becomes the Highest Bidder or Second Highest Bidder (both as hereafter defined); and (c) execute such documentation as required by the Trustee, pursuant to which the bidder agrees to be bound to the terms of this Order. Notwithstanding anything to the contrary contained herein, the Trustee may, in her sole discretion, permit a party to become a Qualified Bidder less than three business days before the Auction. The Trustee shall hold all Deposits in a non-interest bearing account.

(iv) Within 5 business days after entry of an order approving these sale protocols, the Trustee shall provide written notice of the Auction and the terms thereof to all parties who, to the Trustee's knowledge, claim an interest in the Collateral. These parties consist of the Debtor, Anderson and the Anderson Entities, Gary Loyd, Vermont Equity Holdings LLC, Zangle, Inc. and SiCorp. The Trustee shall also provide such notice to any parties who have expressed an interest in the purchase of the Collateral.

(v) Prior to the Auction, the Trustee may enter into a stalking horse agreement with any purchaser, which shall be subject to higher and better offers and which shall be subject to this Court's approval either prior, at, or subsequent to the Auction (the "Stalking Horse Agreement");

(vi) The amount of the initial bid at the Auction and bidding increments shall be set by the Trustee, provided however, that if the Trustee enters into a Stalking Horse Agreement, then the initial bid shall be equal to the purchase price provided for in the Stalking Horse Agreement;

(vii) Except for the Trustee, all bids at the Auction shall be on an all-cash basis and not subject to any financing or any other contingency. At the Auction, the Trustee shall be permitted to credit bid up to the outstanding amount due under the Settlement Agreement;

(viii) Provided that the Trustee does not submit the highest bid at the Auction, at the conclusion of the Auction, the bidder with the highest bid (the "Highest Bidder") shall be declared the winner and be required to purchase the auctioned property for the amount of its winning bid. The balance of the purchase price (i.e., the winning bid minus the Deposit) shall be paid to the Trustee by the Highest Bidder in Immediately Available Funds no later than 30 days after the Auction, time being of the essence with respect thereto. In the event that the winning bidder fails to pay the balance of the purchase price within 30 days after the Auction, then the Trustee

shall keep the Highest Bidder's Deposit as liquidated damages, and the Trustee or her counsel shall transfer the auctioned property to the party that submitted the second highest bid (the Second Highest Bidder"), in which case (i) the Second Highest Bid shall be required to purchase the auctioned property for an amount equal to the Second Highest Bid; and (ii) the Second Highest Bidder shall pay the balance of the purchase price (i.e., amount of the Second Highest Bid minus such bidder's $100,000 Deposit) to the Trustee in Immediately Available Funds no later than 30 days after the Auction, time being of the essence with respect thereto. In the event that the Second Highest Bidder fails to pay the balance of the purchase price within 30 days after being notified by the Trustee or her counsel that the Highest Bidder has defaulted on its obligations hereunder, and that the Second Highest Bidder is required to purchase the auctioned property, then the Trustee shall keep the Second Highest Bidder's Deposit as liquidated damages, and the Trustee shall conduct another auction on the same terms and conditions set forth herein. Upon receipt of payment of the purchase price, the Trustee shall execute a transfer statement pursuant to California Commercial Code § 9619;

(ix) Within three business days after the conclusion of the Auction, the Trustee shall return all deposits to Qualified Bidders except for the Highest Bidder and Second Highest Bidder. The Deposit of the Second Highest Bidder shall be returned by the Trustee within three business days after the Trustee receives the balance of the purchase price from the Highest Bidder.

(x) The proceeds from the Auction shall be distributed by the Trustee pursuant to the terms of the Settlement Agreement, the Security Agreement and the California Commercial Code, as determined by an order of this Court, which shall provide, *inter alia*, that the proceeds of the sale be distributed in the following order – first, in payment of the reasonable expenses of sale, second, in satisfaction of the outstanding amounts due under the Settlement Agreement, third in satisfaction of the Contingency Settlement Payment, fourth, to any junior lien holders on the Collateral, and fifth the payment of any surplus to the Grantors, as defined in the Security Agreement. Within 30 days after distribution of the proceeds of the Auction, the Trustee shall file an accounting with the Bankruptcy Court of the proceeds received and distributions made therefrom. Following the distribution of the proceeds of the sale of the Collateral, the Trustee shall have the right to seek entry of a deficiency judgment, jointly and severally against the parties to the Settlement Agreement; and

(xi) Notwithstanding anything to the contrary contained herein, the Grantors under the Security Agreement shall have those rights of redemption provided in § 9623 of the California Commercial Code.

* * * END OF ORDER * * *

Case: 06-03139  Doc# 129  Filed: 07/08/11  Entered: 07/11/11 17:19:30  Page 4 of 5

*** COURT SERVICE LIST ***

**Larry Anderson**  Settlor; Principal of Settling Entities
592 High Ridge Lane
Alpine, UT 84004

**Gary Loyd**  Alleged Party in Interest
Centurion Research Solutions, LLC
14048 Park East Circle #100
Chantilly, VA 20151